Bernadine D. HERRMANN, et al., Appellants,

v.

John C. FOSSUM, Respondent,

Michael DuMoulin, Defendant,

City of Burnsville, Respondent.

No. 47834.

Supreme Court of Minnesota.

Aug. 11, 1978.

Stuart E. Gale and Kenneth G. Treinen, Jr., Bloomington, for appellants.

Clarence E. Hagglund and Robert M. Pearson, Minneapolis, for Fossum.

Lommen & Cole and Thomas E. Peterson, Minneapolis, for City of Burnsville.

OTIS, Justice.

This is an action to recover damages for wrongful trespass and conversion of plaintiffs' personal property by employees of the City of Burnsville.

This appeal is taken from summary judgment for the defendant City of Burnsville. The action against individual employees remains to be tried. Since the pleadings, deposition, and affidavits which were before the district court set forth facts which would support a judgment against the city if proved, we reverse and remand.

Early in 1974, the Burnsville Department of Public Safety received a number of complaints from the plaintiffs' neighbors regarding the condition of plaintiffs' property. Public Safety Officer John C. Fossum investigated and observed piles of junk, garbage heaps, cardboard boxes, and several old junk cars on the Herrmann property. In May, 1974, the Herrmanns were issued a citation charging violations of health laws. When they failed to remedy the situation, a criminal complaint was issued, and they were subsequently sentenced to twenty days in jail. Execution of sentence was stayed, however, when they promised to correct the situation. In August, 1974, the Burnsville City Council passed a resolution requiring the Herrmanns to clean up their property within thirty days or to bear the expense of having city employees do so.

On November 5, 1974, defendant Fossum and two other Burnsville officers went to the Herrmann residence and forcibly took Mrs. Herrmann into custody pursuant to an alleged court order which was not a matter of record. Mrs. Herrmann was subsequently transferred to the custody of the county sheriff.

On November 6, 1974, Fossum returned to the Herrmann residence in the company of several Burnsville maintenance department employees, the city building inspector, the city fire marshal, the city animal warden, and a state public health inspector. Fossum asserts he received from County Court Judge John T. Daly an oral order to clean up the Herrmann property, but no record of such an order was presented to the district court.

After arriving on the premises, Fossum, the fire marshal and the health inspector claim to have received Mr. Herrmann's permission to view the interior of the residence through the back door. They observed large amounts of garbage in the kitchen. The marshal and inspector gave orders that no one was to enter the house. A Burnsville public safety officer then went to Judge Daly's chambers to inform him of the conditions inside the house. The officer called Fossum on the police radio and told him that the judge had instructed him to clean up the interior of the house and the property outside. Again, there is no record of that order in the file.

The cleanup operation continued for three days. Mr. Herrmann was not allowed to enter his house, although, according to Officer Fossum, he was allowed to inspect all items as they were removed from the house and placed in garbage trucks. Officer Fossum kept the keys to the house and

garage and locked the buildings at the close of each day.

On January 6, 1975, plaintiffs made a written demand upon the City of Burnsville for the return of personal property they allege was removed by the city's employees during the cleanup operation. A list of items was attached to the demand. On November 4, 1976, plaintiffs commenced the present action.

Plaintiffs alleged that the individual defendants, under the supervision of the city, had unlawfully entered their home and removed over 250 items worth $25,000 including coin and bill collections with a face value of over $10,000. They contend that the unlawful entry and removal constituted an invasion of privacy; that the acts of the defendants caused them mental and emotional distress and entitled them to $25,000 punitive damages; and that the individual defendants failed to exercise due care in the execution of state and city health and nuisance laws. They asked for judgment in the amount of $50,000.

The city answered and asserted that plaintiffs' action is barred by the statute of limitations. It moved for judgment on the pleadings or summary judgment and alternatively to strike the claim for punitive damages on the ground that punitive damages may not be assessed against a municipality. The city contended that under Minn. St. 466.05, subd. 1, the action is barred because a suit must be commenced within one year after notice of claim has been presented to a municipality. Plaintiffs relied upon Minn. St. 466.05, subd. 2, which provides that a claimant is not required to give notice of claim to a municipality if the loss or injury for which damages are claimed

"* * * (a) arises out of an intentional tort committed by an officer, employee or agent of the municipality * * *."[1]

On February 24, 1977, the district court issued the following order:

"* * * Based upon the arguments of counsel, memoranda of counsel, all the files, records and proceedings herein,

"IT IS HEREBY ORDERED that Judgment be given in favor of the Defendants City of Burnsville and Edward Giles and that Plaintiffs' causes of action against them are accordingly dismissed."

No memorandum accompanied the order. Thus we are unable to determine the grounds upon which the order was based.

Two statutes of limitations apply in this case: Minn. St. 466.05, subd. 1, which provides one year for the commencement of actions against municipalities where notice is required; and Minn. St. 541.05(4), which, in this case, provides six years for the commencement of actions alleging trespass and conversion of personal property, brought against municipal officers and employees and not requiring notice under Minn. St. 466.05, subd. 2. Defendants proved that the present action was commenced more than one year after notice of claim was given to the city but less than six years after the events that are the basis of the complaint. Therefore, a cause of action for which notice of claim must be given to the city is barred but a cause of action which falls within the intentional tort exception of 466.05, subd. 2, is timely.

Paragraphs V, VI, VII, VIII, IX and X of the complaint state a cause of action for trespass and conversion of chattels for which plaintiffs seek damages of $25,000. They allege that the defendants intentionally removed over 250 items of personal property from the possession of plaintiffs and have failed to advise plaintiffs where they are located. Trespass to chattels and conversion are intentional torts.

Restatement Torts 2d, Section 222 states:

"One who dispossesses another of a chattel is subject to liability in trespass for the damage done. If the dispossession

1. Plaintiff contends that Minn. St. 466.05, subd. 2, provides a two-year statute of limitations for actions excepted from the notice requirement. The two-year limitations period, however, was added by L. 1976, c. 264 § 5, effective August 1, 1976. Actually Minn. St. 541.05(4) provides a six-year statute of limitations for trespass and conversion of personal property.

seriously interferes with the right of the other to control the chattel, the actor may also be subject to liability for conversion."

Section 222A(1) states:

"(1) Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel."

Paragraphs XII and XIII allege that the acts of the defendants caused plaintiffs to suffer mental and emotional distress which resulted in severe physical trauma and ask for $25,000 in punitive damages but not compensatory damages. Punitive damages may not be assessed against a municipality (Minn. St. 466.04, subd. 1). Paragraph XIV alleges that the city's employees failed to exercise due care in the execution of a statute or ordinance. This states a cause of action in negligence which is barred by the one-year limitations period of Minn. St. 466.05, subd. 1.

Reversed and remanded for trial on the issues of trespass to and conversion of personal property.