Bernadine D. HERRMANN and Joseph H. Herrmann, Appellants,

v.

John C. FOSSUM, Respondent,

Michael DuMoulin, et al., Defendants,

City of Burnsville, Respondent.

No. C3–84–695.

Court of Appeals of Minnesota.

March 19, 1985.

Review Denied May 24, 1985.

Tristam O. Hage, Minneapolis, for appellants:

Robert J. Terhaar, Minneapolis, for John C. Fossum.

Vance B. Grannis, Jr., Roger N. Knutson, South St. Paul, for City of Burnsville.

Heard, considered and decided by SEDGWICK, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

SEDGWICK, Judge.

After city health officials cleaned 16 tons of garbage from Bernadine and Joseph Herrmann's (appellants') home, appellants sued the city of Burnsville and certain city officials for conversion.

The Herrmanns appeal: (1) the order of the trial court granting the motion of Officer John C. Fossum for a directed verdict at the close of appellants' case in chief; (2) the judgment of the court granting Burnsville's motion for a directed verdict, and the court's award of $4,220.75 with $47.40 in interest against appellants.

## FACTS

In 1974, the Burnsville Department of Public Safety received complaints regarding the condition of appellants' property. Officer John C. Fossum investigated and

saw piles of junk, garbage heaps, cardboard boxes, and several old junk cars on appellants' property.

Appellants were cited and Joseph Herrmann was fined $100. Herrmann orally promised to clean the premises. Two months later, appellants were criminally charged for failing to clean the premises. They were sentenced to twenty days in jail, but the sentence was stayed when they promised to clean the property.

Pursuant to a city council resolution, Burnsville wrote appellants warning them to remove the debris within 30 days or the city would do so. Appellants took no action.

On November 6, 1974, Joseph Herrmann permitted the health inspectors to view the inside of his home. The officials concluded that the home was uninhabitable. Because of the health hazard caused by the home, Officer Fossum got an oral court order for immediate removal of the garbage and debris.

Joseph Herrmann gave a grudging consent to the clean up operation, which lasted three days. He had an opportunity to retrieve valuables before the clean up began. In addition, he was allowed to inspect all items as they were removed from the house. The house and garage were locked at the end of each day.

The appellants started this action in November 1976. The Minnesota Supreme Court reversed the trial court's summary judgment ruling for the city and ordered trial on the issue of trespass to and conversion of property. *Herrmann v. Fossum*, 270 N.W.2d 18 (Minn.1978). The trial court granted a directed verdict in favor of respondents.

## ISSUES

1. Did the trial court err by directing a verdict against appellants in favor of respondents?

2. Was there a warrantless search in violation of appellants' Fourth Amendment rights?

## ANALYSIS

1. A motion for a directed verdict presents a question of law regarding the sufficiency of evidence to raise a fact question for the jury's decision. For purposes of the motion, the trial must consider the record as a whole and treat as credible the evidence for the adverse party and all inferences which may reasonably be drawn from that evidence. The trial court should grant the motion only when it would clearly be its duty to set aside a contrary verdict as manifestly against the evidence or when such a verdict would not comply with the applicable law. *Pierce v. National Farmers Union Property & Casualty Co.*, 351 N.W.2d 366, 369 (Minn.Ct.App.1984), (citing *Midland National Bank v. Perranoski*, 299 N.W.2d 404, 409 (Minn.1980)).

The court committed no error in directing a verdict in favor of the City of Burnsville and Officer Fossum for two reasons. First, there is no debate about the essential facts. Criminal charges were filed and appellants pled guilty to violation of the public health code. The city cleaned appellants' property because of appellants failure to do so. An officer was assigned to help appellant retrieve any valuables. Joseph Herrmann had at least four hours to clear out any valuables before the clean up and made no objection while the clean up occurred. There is no charge that any particular officer took any specific valuable from the property.

Second, the law regarding conversion prohibits a contrary verdict. Conversion has been defined as an act of wilful interference with personal property of another which is without justification or inconsistent with the rights of the person entitled to the use, possession, or ownership of the personal property. The innocent misapplication or deprivation of [property] owned by others is in the law no less a conversion because such was done innocently or in ignorance. *F.A. Roworth v. Minnesota Mutual Life Insurance Co.*, 674 F.2d 756, 757 n. 3 (8th Cir.1982) (citations omitted).

■ There was no conversion since the city had legal justification to clean out the hazardous property. Appellants lost the unhampered right to use of the property by violation of health codes causing danger to others.

■ 2. There was no illegal search. There can be no search where there is consent to entry. Although grudgingly, Joseph Herrmann allowed officials to enter and clean his house. Moreover, there was no search since the officers were not looking for anything, but pursuant to health code were cleaning a dangerous condition.

### DECISION

The trial court properly directed a verdict in favor of respondents. Removing 16 tons of garbage from appellants' home did not violate their Fourth Amendment rights. Affirmed.