**Joann ARVIDSON and Duane Arvidson, Plaintiffs,**

v.

**The CITY OF MANKATO, a municipal corporation, the City of North Mankato, a municipal corporation, John M. Kneval, Merle Lohse, Donald E. Kremer, Detective Knowles, Dean Cowdin, John Doe and Richard Roe, Defendants.**

Civ. No. 4–85–877.

United States District Court,
D. Minnesota,
Fourth Division.

April 8, 1986.

Bruce C. Douglas, Edina, Minn., for plaintiffs.

Kirk A. Stubbee, Arthur, Chapman, Michaelson & McDonough, Minneapolis, Minn., for defendants City of Mankato, John M. Kneval, Merle Lohse, Detective Knowles, and Dean Cowdin.

Norbert P. Smith, Walker & Smith, Mankato, Minn., for defendants City of North Mankato and Donald E. Kremer.

DIANA E. MURPHY, District Judge.

Plaintiffs JoAnn Arvidson and Duane Arvidson brought this action against the City of Mankato, the City of North Mankato, John M. Kneval, Merle Lohse, Donald E. Kremer, Detective Knowles, Dean Cowdin, John Doe and Richard Roe, alleging conversion and violations of the due process clause of the Fourteenth Amendment, 42 U.S.C. § 1983 and *Minn.Stat.* § 626.04. They seek compensatory and punitive damages, as well as the return of property and costs. Jurisdiction is alleged under 28 U.S.C. § 1331, 28 U.S.C. § 1343(3), and pendent jurisdiction. The matter is now before the court upon the motion of defendants City of Mankato, John M. Kneval, Merle Lohse, Detective Knowles and Dean Cowdin for summary judgment.

**I.**

The underlying facts do not appear to be in dispute. Plaintiffs allege that the City

of Mankato, John M. Kneval, and Merle Lohse seized and impounded plaintiffs' 1973 Vega automobile on January 11, 1980. On February 22, 1980, plaintiffs were advised by defendants that various parts of the automobile were stolen and that the stolen parts would be retained by defendants.

On February 11, 1980, March 8, 1980, and March 11, 1980, defendants City of Mankato, City of North Mankato, Merle Lohse, Donald E. Kremer, Detective Knowles, and Dean Cowdin seized property from plaintiffs' possession by executing search warrants. Based upon the property seized, plaintiffs' son, Wade D. Arvidson, was charged and convicted of burglary and possession of stolen property. Plaintiffs allege that their federal constitutional rights were violated by seizure of property that was not stolen, but was owned by them. They filed this lawsuit on July 15, 1985.

## II.

The key issue is whether plaintiffs' § 1983 claims are time barred by the statute of limitations set forth in *Minn.Stat.* § 541.07(1). Section 1983 claims are to be governed by the relevant state's personal injury statute of limitations. *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). Plaintiffs concede that other cases in this district have applied the two-year period of *Minn.Stat.* § 541.07(1). *See Cook v. City of Minneapolis*, 617 F.Supp. 461, 463–465 (D.Minn.1985) (Alsop, C.J.); *Jane Does 1–100 v. Hennepin County*, No. 3–83–468 (D.Minn. January 30, 1986) (Magnuson, J.). Plaintiffs also concede that the Eighth Circuit Court of Appeals has ruled that *Wilson v. Garcia* is to be applied

retroactively. *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir.1985). They contend, however, that *Wycoff v. Menke* was wrongly decided and that its application would be especially unfair in this circumstance since Minnesota has a six-year limitation period for injuries to property and this period has been applied in similar situations in the past.[1] Plaintiffs argue that application of the factors set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971),[2] should lead to a different result in this case and that the two-year statute should not be applied retroactively.

■ After carefully considering plaintiffs' arguments, the court concludes that *Wycoff v. Menke* is controlling. Although the underlying claim in *Wycoff v. Menke* was not conversion, the appellate court's analysis of the Chevron factors applies to the instant case as well. Plaintiffs have not shown any greater reliance interest than that in *Wycoff v. Menke*. They filed this action after *Wilson v. Garcia* was decided and the issue of the applicable statute of limitations in § 1983 cases was far from settled. Moreover, the federal interests in uniformity, certainty, and the minimization of unnecessary litigation will be advanced by retroactive application of *Wilson v. Garcia*. Application of Minnesota's two-year statute of limitations requires dismissal of plaintiffs' § 1983 claims since they arose in 1980.

■ Where federal claims are dismissed before trial, pendent state claims should ordinarily be dismissed as well. *See, e.g., United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Plaintiffs' state claims for conversion and violation of *Minn.Stat.*

---

**1.** Plaintiffs cite *Occhino v. United States*, 686 F.2d 1302 (8th Cir.1982), and *Herrmann v. Fossum*, 270 N.W.2d 18 (Minn.1978).

**2.** Retroactive application of a decision depends on:
> (1) whether the ... decision ... established a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first

impression whose resolution was not clearly foreshadowed;
> (2) whether the policies underlying the rule ... will be advanced or retarded by its retroactive application; and
> (3) whether retroactive application ... will "'produce substantial inequitable results' in individual cases." (Citations omitted.)

*Wycoff v. Menke*, 773 F.2d 983, 986 (8th Cir. 1985).

§ 626.04 should be dismissed without prejudice since the federal claims are being dismissed and the state claims have not been developed in this litigation. *See Koke v. Stifel, Nicolaus & Co., Inc.,* 620 F.2d 1340 (8th Cir.1980).

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted, and plaintiffs' § 1983 claims are dismissed with prejudice. It is further ordered that plaintiffs' state claims are dismissed without prejudice.