Harvey CHRISTENSEN, Respondent,

v.

**MILBANK INSURANCE COMPANY, Appellant.**

No. C3–01–2078.

Court of Appeals of Minnesota.

May 7, 2002.

Robert E. Kuderer, Teresa M. Thompson, Johnson & Condon, P.A., Minneapolis, for respondent.

John H. Scherer, Rajkowski Hansmeier Ltd., St. Cloud, for appellant.

Considered and decided by HANSON, Presiding Judge, SCHUMACHER, Judge, and PORITSKY, Judge.*

## OPINION

HANSON, Judge.

This appeal presents a conflict between two automobile insurance policies, one issued to the school district and covering the district's driver's education vehicle, and the other issued to the driver's education teacher and covering his personal vehicle. The district court granted summary judgment determining that the teacher's personal insurer was obligated to defend and indemnify the teacher for claims arising from his use of the school district's vehicle. The court held that the school district did not have any vicarious liability as owner because the initial permission it gave the teacher to use the vehicle had been defeated by the teacher's "conversion" of the vehicle. The court awarded attorney fees and costs to respondent teacher. We reverse.

## FACTS

Respondent Harvey Christensen works for Independent School District No. 787 as a driver's education teacher. The school district provides Christensen with a vehicle for driver's education and school district business. One Friday, after his last driver's education lesson, Christensen drove the school district vehicle to his home to wash it. After washing the vehicle and drinking some beer at home, he took some more beer with him as he drove the school district vehicle to look for fishing sites. While traveling on State Highway 10, Christensen collided with a vehicle driven by Veronica Wagner. The school district's vehicle was totally destroyed in the collision.

Wagner and her passengers sued Christensen and the school district for damages resulting from the accident. The school district is insured by the Minnesota School Board Association Insurance Trust (MSBAIT). MSBAIT undertook the defense of both the school district and Christensen, but later tendered the defense to Christensen's personal insurer, appellant Milbank Insurance Company. Milbank refused to accept the tender of defense, contending that its policy was excess and the MSBAIT policy was primary.

Christensen settled all claims by the payment of $78,000 pursuant to a loan receipt provided by MSBAIT. Christensen then sought a declaratory judgment against Milbank for the breach of its duties to defend and indemnify him, and for recovery of attorney fees and costs incurred in the original action and the declaratory judgment action.

The district court granted Christensen's motion for summary judgment, ruling that Milbank owed Christensen a duty to defend and a duty to indemnify. The court determined that the school district had no vicarious liability as owner, even though it had given initial permission to Christensen, because Christensen's use and destruction of the vehicle was conversion, which defeated the initial permission.

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

MSBAIT's policy did not cover non-permissive drivers. The district court ordered judgment against Milbank for the amount of the settlement plus attorney fees and costs in the original action and the declaratory judgment action. This appeal followed. Christensen filed a notice of review with respect to the amount of attorney fees awarded.

## ISSUES

1. Did the district court err by finding that Christensen's actions constituted conversion of the school district's vehicle, so as to defeat the initial-permission rule?

2. Did the district court err by finding that Milbank is the primary insurer?

## ANALYSIS

On appeal from summary judgment, we ask whether there are any genuine issues of material fact and whether the district court erred in its application of the law. *Garrick v. Northland Ins. Co.*, 469 N.W.2d 709, 711 (Minn.) (1991). In making this determination, we view the evidence in the light most favorable to the party against whom summary judgment was granted. *Fabio v. Bellomo*, 504 N.W.2d 758, 761 (Minn.1993).

 "Interpretation of an insurance policy and application of the policy to the facts in a case are questions of law that we review de novo." *Am. Family Ins. Co. v. Walser*, 628 N.W.2d 605, 609 (Minn.2001) (citation omitted). When reviewing an insurance policy, this court is to ascertain and give effect to the parties' agreement. *Fillmore v. Iowa Nat'l Mut. Ins. Co.*, 344 N.W.2d 875, 877 (Minn.App.1984). Appellate courts apply general principles of contract interpretation to interpret insurance policies. *Lobeck v. State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn.1998).

## I

Minnesota law provides that an owner of a motor vehicle may be held vicariously liable for a driver's use of that vehicle if the driver obtains express or implied consent from the owner.

> Whenever any motor vehicle shall be operated within this state, by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed the agent of the owner of such motor vehicle in the operation thereof.

Minn.Stat. § 170.54 (2000).

The policy of this law is to ensure members of the public injured by the negligent operation of a motor vehicle "an approximate certainty of an effective recovery" when liability would not otherwise exist. *Milbank Mut. Ins. Co. v. U.S. Fid. & Guar. Co.*, 332 N.W.2d 160, 165 (Minn. 1983) (quotation omitted). The Minnesota Supreme Court has consistently reiterated that the statute must be interpreted liberally to accomplish its purpose. *See, e.g., id.* at 165–66.

When interpreting Minn.Stat. § 170.54, the Minnesota Supreme Court has adopted the "initial permission" rule. It has said:

> when permission to use a vehicle is initially given, subsequent use short of actual conversion or theft remains permissive within the meaning of the omnibus clause, even if such use was not within the contemplation of the parties or was outside any limitations placed upon the initial grant of permission.

*Id.* at 162; *see also Pluntz v. Farmington–Ford Mercury, Inc.* 470 N.W.2d 709, 712 (Minn.App.1991) (finding driver's employer liable for damages caused by driver where employer consented to driver's use of employer's automobile, regardless of whether driver was acting within the course and scope of his employment when the accident

occurred), *review denied* (Minn. Jul 24, 1991); *State Farm Mut. Auto. Ins. Co. v. Budget Rent–A–Car Sys., Inc.*, 359 N.W.2d 673, 677 (Minn.App.1984) (finding that the driver, who was the lessee's permittee, was covered under the car-rental company's insurance policy by virtue of the initial-permission rule).

In adopting the initial-permission rule, the supreme court overruled earlier decisions to the extent they had held that major departures from the scope of the owner's permission would relieve the owner of vicarious liability. *Milbank*, 332 N.W.2d at 167; *see also Peterson v. Maloney*, 181 Minn. 437, 442, 232 N.W. 790, 792 (1930) (holding owner liable where driver used the automobile for a purpose other than that for which he obtained owner's permission). The supreme court stated that the only acts of the permittee that would relieve the owner and its insurer from liability are "theft or conversion." *Milbank*, 332 N.W.2d at 167. There are no supreme court cases defining the term "conversion" when used in this context.

The district court, viewing the evidence in the light most favorable to Milbank, assumed that Christensen had initial permission to use the school district's vehicle. *See Goins v. West Group*, 635 N.W.2d 717, 722 (Minn.2001) (stating that when the district court considers a motion for summary judgment it must view the evidence in the light most favorable to the nonmovant). Under this assumption, MSBAIT's omnibus clause would provide primary coverage for Christensen's use of the vehicle, absent theft or conversion by Christensen, because it provides that "[a]nyone else is a plan participant while using, with [the School District's] permission, a covered auto [the School District] own[s], hire[s] or borrow[s]".

The district court then considered whether Christensen's conduct amounted to "conversion." The court observed that conversion "is established when a person deprives another of his or her property interest" and that

> deprivation can be found both when property is not returned to an owner, * * * as well as when property is taken from an owner and ultimately destroyed.

The court concluded that when Christensen took the vehicle, failed to return it, and eventually destroyed it, this established conversion and negated the initial permission given by the school district.

■■■ We conclude that the district court's definition of conversion was too broad. Under Minnesota law, conversion is defined as "an act of *willful* interference with the personal property of another which is without justification or which is inconsistent with the rights of the person entitled to the use, possession or ownership of the property." *Dain Bosworth Inc. v. Goetze*, 374 N.W.2d 467, 471 (Minn. App.1985) (emphasis added) (citing *Larson v. Archer–Daniels–Midland Co.*, 226 Minn. 315, 317, 32 N.W.2d 649, 650 (Minn.1948)); *see also Herrmann v. Fossum*, 270 N.W.2d 18, 21 (Minn.1978) ("Conversion is an *intentional* exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel." (emphasis added) (citation omitted)). In a situation in which the property is destroyed, conversion may be shown only if the destruction was intentional. *See id.* at 20 (stating that conversion is an intentional tort); *Wangen v. Swanson Meats, Inc.*, 541 N.W.2d 1, 3 (Minn.App.1995) (stating that one who intentionally destroys a chattel is subject to liability for conversion to the owner), *review denied* (Minn. Jan. 25, 1996).

■■■ Applying these principles of law to the present facts, the district court erred in granting summary judgment for

Christensen. There is no evidence that Christensen's destruction of the vehicle was intentional. To the contrary, all parties seem to agree it was accidental. Thus, the destruction of the vehicle is not sufficient to establish conversion. Moreover, under the initial-permission rule, Christensen's use of the vehicle for personal reasons, including his transportation of alcoholic beverages, do not defeat the initial permission, even if these acts were contrary to specific limitations placed on Christensen's use of the vehicle by the school district. *See Milbank*, 332 N.W.2d at 167 (finding permissive use even though vehicle was used for personal reasons and in a manner that exceeded the owner's express limitations on the driver's use).

Moreover, although the district court assumed, arguendo, the existence of initial permission, there is no fact dispute that such permission was given; the only fact dispute concerns the scope of that permission. Because the scope of permission is not material under the initial-permission rule, we conclude that Milbank is entitled to summary judgment determining that the school district had vicarious liability as owner of the vehicle and that the MSBAIT policy provides coverage to both the school district and Christensen.

## II

Milbank acknowledges that its policy also provides coverage to Christensen, but argues that its coverage is excess of that provided by MSBAIT. The district court decided that the Milbank policy was primary, based on an analysis of the insuring intent of the two policies. Under some circumstances, courts may look at the function and insuring intent of the policies, instead of simply looking at the "other insurance" clauses. *Garrick*, 469 N.W.2d at 711–12. But the *Garrick* court expressly limited this analysis of the insuring intent to the situation in which the policies contain conflicting "other insurance" clauses. *Id.* It stated:

> When it is clear that two or more companies are among themselves liable to the insured for his loss but the apportionment among the companies cannot be made without violating the other insurance clause of at least one company, then the courts must look outside the policies for rules of apportionment.

*Id.* (quoting *Integrity Mut. Ins. Co. v. State Auto. & Cas. Underwriters Ins. Co.*, 307 Minn. 173, 174–75, 239 N.W.2d 445, 446 (1976)).

The MSBAIT insurance policy provides that its coverage is primary for any covered vehicle that the school district owns. The Milbank policy, conversely, provides that if the insured is involved in an accident while operating a non-owned vehicle, the Milbank coverage is excess to other collectible insurance. Because there is no conflict between the language of the two policies, MSBAIT is the primary insurer. *See Milbank*, 332 N.W.2d at 161 (finding employer's liability omnibus coverage was primary and coverage under employee's policies on his personal vehicles was secondary or excess).

## DECISION

Because Christensen's accidental destruction of the vehicle was not conversion, we conclude that the school district was vicariously liable for Christensen's negligent use of the vehicle under the "initial permission" rule. Accordingly, both the MSBAIT and the Milbank policies provide coverage for the accident. Because there is no conflict between the language of the two policies, MSBAIT is the primary insurer. And because we reverse the district court's grant of summary judgment to Christensen, we also reverse the district

court's award of attorney fees and costs to Christensen.

**Reversed.**