Steven Ray WYCOFF, Appellant,

v.

James MENKE, Official of the Iowa
State Penitentiary, Appellee.

No. 84–1872.

United States Court of Appeals,
Eighth Circuit.

Submitted June 14, 1985.

Decided Sept. 25, 1985.

James P. Cleary, Des Moines, Iowa, for
appellant.

Jay Tentinger, Des Moines, Iowa, for
appellee.

Before ARNOLD and FAGG, Circuit
Judges, and SACHS,* District Judge.

FAGG, Circuit Judge.

Steven Wycoff, an inmate at the Iowa
State Penitentiary, appeals the district

* The Honorable HOWARD F. SACHS, United
States District Judge for the Western District of

Missouri, sitting by designation.

court's dismissal of his 42 U.S.C. § 1983 complaint. The district court dismissed Wycoff's complaint after determining that James Menke, a penitentiary official, was immune from suit in this instance. We affirm the district court's dismissal. But, because we conclude that the Supreme Court's decision in *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), operates retroactively to bar Wycoff's claim as outside the applicable Iowa statute of limitations, we have no need to reach the merits of Wycoff's appeal. *See Fitzgerald v. Larson,* 769 F.2d 160 (3d Cir.1985); *Smith v. City of Pittsburgh,* 764 F.2d 188 (3d Cir.1985); *Jones v. Preuit & Mauldin,* 763 F.2d 1250, 1253 n. 2 (11th Cir.1985) (all three applying *Wilson* retroactively).

On November 3, 1975, Wycoff was placed in the Iowa State Penitentiary's administrative segregation unit. He was released from that unit on August 25, 1977. Over four years later, on December 3, 1981, Wycoff filed the present action asserting that Menke had failed to provide adequate procedural safeguards during his detention in violation of Wycoff's fourteenth amendment right to due process.

On January 8, 1982, Menke filed a Fed.R. Civ.P. 12(b)(6) motion to dismiss. In this motion, Menke asserted that Iowa's two-year personal injury statute of limitations, Iowa Code § 614.1(2), barred Wycoff's claim. On the basis of this court's January 5, 1982 decision in *Garmon v. Foust,* 668 F.2d 400 (8th Cir.) (en banc), *cert. denied,* 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982), the district court denied Menke's motion. In *Garmon,* this court concluded that Iowa's general "catchall" five-year statute of limitations, Iowa Code § 614.1(4), was applicable to section 1983 actions brought in Iowa. *Garmon,* 668 F.2d at 406.

On April 17, 1985, the Supreme Court announced its decision in *Wilson v. Garcia,* 105 S.Ct. 1938. In *Wilson,* the Supreme Court held that "federal interests in uniformity, certainty, and the minimization of unnecessary litigation [over limitations is-

sues]" mandate that "in each State, the one most appropriate statute of limitations * * * [be applied to] all [section] 1983 actions [brought in that State]." *Id.* at 1947. The Court went on to conclude that "[section] 1983 claims are best characterized as personal injury actions * * *." *Id.* at 1949. Thus, after *Wilson,* all section 1983 claims accruing within a particular state are to be governed by that state's personal injury statute of limitations.

■ The Supreme Court's decision in *Wilson* effectively overrules our decision in *Garmon* in which we rejected the application of a state's personal injury statute of limitations to section 1983 claims in favor of a state's general "catchall" statute of limitations. *Garmon,* 668 F.2d at 406; *see also Occhino v. United States,* 686 F.2d 1302, 1307 (8th Cir.1982). As a result, all section 1983 claims that accrue after *Wilson* will be governed by the relevant state's personal injury statute of limitations. In Iowa, this means that all such actions will be governed by a two-year statute of limitations, Iowa Code § 614.1(2).

While *Wilson*'s prospective effect is certain, this court has yet to consider the issue of *Wilson*'s retroactive application. Before addressing this issue, however, we briefly discuss several preliminary contentions raised by Wycoff. Wycoff first argues that *Wilson*'s retroactive application need not be reached in this case since Menke has waived any issue with respect to the limitations question. We disagree.

■ Menke did not raise the Iowa two-year statute of limitations as an affirmative defense in his answer to Wycoff's complaint. *See* Fed.R.Civ.P. 8(c). While this failure would normally result in the waiver of a limitations defense, *see, e.g., Myers v. John Deere Ltd.,* 683 F.2d 270, 273 (8th Cir.1982), no waiver occurred in this case since this defense had already been asserted by Menke as a Fed.R.Civ.P. 12(b)(6) motion to dismiss. This court now recognizes that when it "appears from the face of the complaint itself that the limitation period has run," a limitations defense may properly be asserted through a 12(b)(6) motion to

dismiss. *R.W. Murray Co. v. Shatterproof Glass Corp.*, 697 F.2d 818, 821 (8th Cir.1983). Once this motion was denied by the district court, Menke was under no obligation to reassert the same defense in his answer to Wycoff's complaint in order to preserve his contention that Wycoff's complaint was deficient as a matter of law.

Wycoff next argues that even if Menke has not waived the limitations issue, his complaint is not, on its face, subject to a statute of limitations defense. In essence, Wycoff contends that certain statements in his complaint, if read liberally, effectively assert either the doctrine of fraudulent concealment or the discovery rule, and thus prevent the complaint from being dismissed on limitations grounds. We again disagree.

■ Whether fraudulent concealment or the discovery rule may save Wycoff's complaint from dismissal on limitations grounds is governed by state law. *See Wilson*, 105 S.Ct. at 1943 and n. 17. A review of Iowa law makes clear that the doctrine of fraudulent concealment and the discovery rule will be available in appropriate cases. *See Beeck v. Aquaslide 'N' Dive Corp.*, 350 N.W.2d 149, 158 (Iowa 1984) (fraudulent concealment); *Sandbulte v. Farm Bureau Mutual Insurance Co.*, 343 N.W.2d 457, 462 (Iowa 1984) (discovery rule). However, to assert these exceptions to the limitations defense successfully the party seeking their protection must have been unaware either that a cause of action existed or, if aware, of who or what was responsible for it. *Schnebly v. Baker*, 217 N.W.2d 708, 722 (Iowa 1974); *see also Sandbulte*, 343 N.W.2d at 462; *Franzen v. Deere and Co.*, 334 N.W.2d 730, 732 (Iowa 1983); *Dierking v. Bellas Hess Superstore*, 258 N.W.2d 312, 316 (Iowa 1977); *Gruener v. City of Cedar Falls*, 189 N.W.2d 577, 580 (Iowa 1971). On the face of his complaint, it is apparent that neither exception is even potentially applicable to Wycoff's claim.

■ The face of Wycoff's complaint makes clear that at all times since his segregation Wycoff has had personal knowledge of the facts necessary to support his claim. These facts include when he was segregated, when he was released, and what type of review procedures were provided during his segregation. Further, Wycoff has long been aware of the legal principles applicable to this type of action. *See generally Wycoff v. Brewer*, 572 F.2d 1260 (8th Cir.1978) (involving similar claims).

Additionally, no assertion of concealment contained in the complaint is even directed at the defendant Menke. Rather, the only assertions are directed at Wycoff's own lawyers who supposedly had possession of certain documents necessary to "substantiate [his] claim[ ]." As implicitly (and correctly) recognized by Wycoff himself, these documents, which were included as part of his original complaint, did not disclose a cause of action, the existence of which Wycoff was otherwise unaware, but rather served only to substantiate a claim already known to Wycoff. Substantiation of a claim is properly the role of pretrial discovery and provides no excuse for Wycoff's failure to file suit until over four years after his segregation ended. *Cf. Schnebly*, 217 N.W.2d at 722. Clearly, the statements in Wycoff's complaint are simply a weak attempt on his part to excuse his own failure to file suit until long after his claim had fully accrued.

■ Finally, Wycoff contends that this court should not address the limitations issue since Menke failed to assert this issue by cross-appeal. This contention is without merit. Even if *Wilson* had been decided prior to Wycoff's appeal, Menke would have had no obligation to raise the limitations issue by cross-appeal because *Wilson* simply provides an additional ground on which to affirm the district court in its entirety. When a party seeks neither to modify nor alter a lower court decision "but only to sustain it on grounds other than those relied on by the court below," no obligation to cross-appeal exists. *Clark v. Mann*, 562 F.2d 1104, 1111 n. 3 (8th Cir.1977). Further, the substantive question of *Wilson*'s retroactivity is one of law

and provides this court with an alternative basis upon which to affirm the district court. It is now well established that this court has the "power to affirm the judgment below on any ground supported by the record, whether or not raised or relied on in the District Court." *Reeder v. Kansas City Board of Police Commissioners,* 733 F.2d 543, 548 (8th Cir.1984).

■ Having rejected Wycoff's preliminary arguments, we turn to the issue of whether *Wilson* is retroactively applicable to Wycoff's claim. The Supreme Court, in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), identified three factors having a bearing on this issue: First, did the new principle under consideration overrule "clear past precedent on which litigants may have relied" or "decid[e] an issue of first impression whose resolution was not clearly foreshadowed," *id.* at 106, 92 S.Ct. at 355; second, in light of its "purpose and effect," will retroactive application of the rule in question "further or retard its operation," *id.* at 107, 92 S.Ct. at 355 (citation omitted); third, could retroactive application of the principle in question "produce substantial inequitable results" in individual cases, *id.* (citation omitted). *See also Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 88, 102 S.Ct. 2858, 2880, 73 L.Ed.2d 598 (1982); *Occhino,* 686 F.2d at 1308–09. Based upon our analysis of these factors, we are satisfied that *Wilson* should be given retroactive effect.

The issue presented to the Supreme Court in *Wilson* had not previously been addressed by that Court. The issue had, however, been addressed in virtually every circuit, *see Garcia v. Wilson,* 731 F.2d 640, 643–48 (10th Cir.1984), *aff'd,* — U.S. —, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and thus cannot realistically be considered one of "first impression." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355. Given this fact, in applying the first prong of the *Chevron* test we must determine whether *Wilson* "establish[ed] a new principle of law * * *

by overruling clear past precedent on which litigants may have relied." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355.

When Wycoff filed this action, the issue of the applicable statute of limitations had led to confusing and inconsistent results both nationally, *see Garcia,* 731 F.2d at 643–48, and within this circuit, *see Garmon,* 668 F.2d at 403–05. In large part, it was this "conflict, confusion, and uncertainty" that led the Supreme Court first to grant certiorari in *Wilson,* 105 S.Ct. at 1942, and then to adopt a uniform characterization of the section 1983 claim, *id.* at 1947. Additionally, not only had no definitive standard been adopted by this court at the time Wycoff filed his complaint, but several cases involving the Southern District of Iowa specifically applied a two-year statute of limitations to section 1983 claims. These cases placed Wycoff on notice that a two-year limitations period might be applicable to his claim. *See, e.g., Johnson v. Dailey,* 479 F.2d 86 (8th Cir.), *cert. denied,* 414 U.S. 1009, 94 S.Ct. 371, 38 L.Ed.2d 246 (1973); *Rosales v. Lewis,* 454 F.Supp. 956, 960 (S.D.Ia.1978). Thus, we conclude *Wilson* overruled no "clear past precedent on which litigants [such as Wycoff] may have relied." *Chevron,* 404 U.S. at 106, 92 S.Ct. at 355; *see by comparison Abbitt v. Franklin,* 731 F.2d 661, 663 (10th Cir.1984) (en banc); *Jackson v. City of Bloomfield,* 731 F.2d 652, 654 (10th Cir. 1984) (en banc).

The second factor to consider under *Chevron* is whether the policies underlying the rule in question will be advanced or retarded by its retroactive application. *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355. In adopting a single characterization of section 1983 actions, the Supreme Court sought to advance federal interests in "uniformity, certainty, and the minimization of unnecessary litigation." *Wilson,* 105 S.Ct. at 1947. Not only has Wycoff failed to demonstrate any circumstance under which retroactive application of *Wilson* will retard these federal interests, but we con-

clude that retroactive application will achieve uniformity and certainty between future and pending cases by subjecting both to the same statute of limitations and thus to the same limitations period. *See Occhino,* 686 F.2d at 1309; *see also Jones,* 763 F.2d at 1253 n. 2. We conclude that on balance this factor cuts in favor of *Wilson*'s retroactive application.

The third prong of the *Chevron* test requires us to determine whether the retroactive application of a decision will result in "harsh, injust, or inequitable results." *Smith,* 764 F.2d at 196 (citing *Chevron,* 404 U.S. at 107, 92 S.Ct. at 355). As the Third Circuit recently noted, "[w]here a plaintiff could have reasonably waited to file suit under the established prior rule, it would be inequitable to say he had slept on his rights because of a later and unforeseeable Supreme Court decision." *Id.* at 196. We have little trouble concluding, however, that it is neither harsh, injust, nor inequitable to apply *Wilson* retroactively to claims such as Wycoff's.

Wycoff's claim had fully matured by November 1977, and at that time, all operative facts necessary to support that claim were known to him. Between 1977 and this court's 1982 decision in *Garmon,* the law both nationally and within this circuit was contradictory and confusing. Thus, potential plaintiffs such as Wycoff could not reasonably have relied on a limitations period longer than two years in waiting to file their claims. On balance, we conclude that *Chevron*'s third factor is no bar to the retroactive application of *Wilson* to Wycoff's claim.

We believe *Wilson* should be applied retroactively to Wycoff's claim. As a result, Wycoff's claim is governed by Iowa's two-year personal injury statute of limitations, Iowa Code § 614.1(2). On the face of Wycoff's complaint, it is clear that Wycoff's claim falls outside this two-year period and as a result is barred.

The district court's dismissal of Wycoff's complaint is affirmed.