**Wayne FARMER, Appellant,**

v.

**Lawrence L. COOK, Chief of Police, Independence, Mo. Police Dept.; Joe Doe, # 1, Independence Police Officer; Joe Doe, # 2, Independence Police Officer; Joe Doe, # 3, Detective, Independence Police Officer, Sergeant Smith (First Name Unknown), Independence Police Officer, Joe Doe, # 4, Independence Police Officer; Jane Doe, # 5, Independence Police Officer and City of Independence, Missouri; Major Donald Huntsinger, Independence Police Dept.; and Robert Rinehart, Chief of Police, Independence Police Dept., Appellees.**

No. 85–1666.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 17, 1986.

Decided Jan. 29, 1986.

Rehearing and Rehearing En Banc
Denied March 20, 1986.

William T. Session, Kansas City, Mo., for appellant.

Patrick Lysaught, Kansas City, Mo., for appellees.

Before HEANEY, ARNOLD and WOLLMAN, Circuit Judges.

PER CURIAM.

The question presented is whether the rule of *Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that the personal-injury-action statutes of limitations of the respective states will govern the period within which cases must be brought under 42 U.S.C. § 1983, is retroactive. The District Court, acting before *Wilson* was decided by the Supreme Court, held the present § 1983 action barred by a three-year Missouri statute of limitations. If *Wilson* is to be applied, the applicable statute is five years.

In *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985), we applied *Wilson* retroactively to bar a § 1983 action that, under the law existing when the complaint was filed,

would have been timely. Our *Wycoff* opinion fully analyzes the factors relevant to the question of retroactivity. The most important of these factors is whether retroactivity will disappoint any reliance interest of the party against whom the new rule is being applied. Here, the effect of retroactivity is to revive an action that the defendants once reasonably believed was barred. In *Wycoff*, the effect of retroactivity was to defeat an action that a plaintiff had reasonably believed would not be barred. The reliance interest asserted by the defendants here is, in our judgment, weaker than that asserted by the plaintiff in *Wycoff*, and the reasoning of our *Wycoff* opinion therefore requires that *Wilson* be applied retroactively here, just as it was there.

The Court appreciates the services of appointed counsel for plaintiff.

The judgment is reversed, and the cause remanded for whatever further proceedings are appropriate.

It is so ordered.