**JOHN DOES 1–100, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Dave NINNEMAN, Sheriff of Chisago County, Minnesota; Bradley Bourasa, Tom Gustafson, Max Moes 1–10, and Maxine Roes 1–10, Chisago County Deputy Sheriffs, the County of Chisago; Rosemary Maslowski, Robert Vanderkamp, David A. Johnson, Tom Greig, and Loren Jennings, as Chisago County Commissioners; and Chisago County, Minnesota, a political Subdivision, Defendants.**

Civ. 3–84–573.

United States District Court,
D. Minnesota,
Third Division.

May 7, 1986.

Barry G. Reed and Charles S. Zimmerman, Zimmerman, Caplan & Reed, Minneapolis, Minn., for plaintiffs.

Joseph B. Marshall, Marshall and Associates, P.A., Circle Pines, Minn., for defendants.

## MEMORANDUM AND ORDER

DEVITT, District Judge.

The principal issue here, retroactive application of a Supreme Court decision fix-

ing the statute of limitation in a civil rights case, is before the court upon defendants' motion to dismiss plaintiff Steven M. Craemer-Herbst's section 1983 complaint as untimely in light of *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), and *Wycoff v. Menke*, 773 F.2d 983 (8th Cir.1985). Because the court finds that *Wilson* should not, in this case, be applied retroactively, defendants' motion is denied.

Plaintiffs' counsel also petition the court for an award of interim costs and attorneys fees pursuant to the Civil Rights Attorneys Fee Awards Act of 1976, 42 U.S.C. § 1988. The petition is denied for the nonce. Since plaintiffs' counsel have about forty similar cases pending, and have received interim fees in one, the court has insufficient information on which to base an award while avoiding possible duplication with fee awards in other cases.

Defendants' motion and plaintiffs' counsel's petition were heard on Monday, April 28, 1986.

## I.

At approximately 11:00 A.M. on July 13, 1980, plaintiff Steven M. Craemer-Herbst was arrested on Interstate Highway 35 near Wyoming, Minnesota. He was charged with operating a motor vehicle after his driver's license had been revoked and was transported to the Chisago County Sheriff's Department where he was booked into the Chisago County Jail. As part of the then standard booking procedure, plaintiff was subjected to a strip search before being introduced into the general jail population. The search was conducted despite no reasonable suspicion that he harbored contraband or carried concealed drugs or weapons.

On April 30, 1984, plaintiff, along with another similarly situated plaintiff, anonymously commenced this action against various county officials pursuant to 42 U.S.C. § 1983. On July 8, 1985, this court declared defendants' indiscriminate strip search policy unconstitutional. *John Does 1-100 v. Ninneman*, 612 F.Supp. 1069 (D.Minn.1985). Issues relating to damages and injunctive relief were reserved for trial. *Id.* at 1072.

At this juncture, defendants seek to dismiss plaintiff Craemer-Herbst's complaint based upon the now applicable two-year statute of limitations, in light of *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Wycoff v. Menke*, 773 F.2d 983 (8th Cir.1985); and *Cook v. City of Minneapolis*, 617 F.Supp. 461 (D.Minn. 1985). Because the court finds that *Wilson* should not, in this case, be applied retroactively, defendants' motion is denied.[1]

---

1. Following is a chronology of the pertinent facts and law:

   December 6, 1971  Supreme Court of the United States decides *Chevron Oil Company v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), establishing three factors to consider in determining whether a judicial decision should have nonretroactive application. 404 U.S. at 106–07, 92 S.Ct. at 355–56.

   July 13, 1980  Plaintiff Steven M. Craemer-Herbst arrested and strip searched.

   January 5, 1982  Eighth Circuit decides *Garmon v. Foust*, 668 F.2d 400 (8th Cir.1982) (en banc) which puts to rest unsettled law as to the statute of limitations to apply in a section 1983 case. By adopting the reasoning of *Glasscoe v. Howell*, 431 F.2d 863 (8th Cir.1970), and rejecting the reasoning of *Savage v. United States*, 450 F.2d 449 (8th Cir.1971), the court resolved inconsistencies among various panels of the circuit and decided that a state's "general" statute of limitations applies. As applied to Minnesota, the *Garmon* decision established a six-year limitation for section 1983 cases. *See* note 2, *infra*.

   July 13, 1982  Two years since plaintiff's claim arose.

   August 25, 1982  *Occhino v. United States*, 686 F.2d 1302 (8th Cir.1982), construes *Garmon* to mean that "Minnesota's six-year statute of limitations clearly would apply ... to [a section] 1983 action," *id.* at 1308, and, based upon a review of the *Chevron* factors, applies *Garmon* retroactively, *id.* at 1308–10.

   April 30, 1984  Plaintiff commences action.

   April 17, 1985  Supreme Court of the United States decides *Wilson v. Garcia*, —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), holding that section 1983 claims are best characterized as personal injury actions for statute of limitations purposes. *Wilson* effectively overrules *Garmon* and imposes Minnesota's two-year statute of limitations on section 1983 actions. *See* note 3, *infra*.

   August 16, 1985  *Cook v. City of Minneapolis*, 617 F.Supp. 461 (D.Minn.1985), construes *Wil-*

Following Craemer-Herbst's arrest, but before two years had elapsed, the statute of limitations for section 1983 cases in this circuit was established as the forum state's general, statutory statute of limitations. *Garmon v. Foust,* 668 F.2d 400 (8th Cir. 1982) (en banc). *Garmon* put to rest unsettled law and, as applied to Minnesota, adopted the six-year limitations period of Minn.Stat. § 541.05, subd. 1(2) for section 1983 cases.[2] Accordingly, during the latter part of the two-year period following his arrest, Mr. Craemer-Herbst may have relied on *Garmon* in determining that there was a six year limitation on his claim. Plaintiff commenced his action on April 30, 1984, about three years and ten months after his claim arose.

*Wilson v. Garcia,* —— U.S. ——, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985) was decided about a year later, on April 17, 1985. *Wilson* "effectively overruled" *Garmon. Wycoff v. Menke,* 773 F.2d 983, 984 (8th Cir.1985). It held that section 1983 claims are best characterized as personal injury actions for statute of limitations purposes. *Wilson,* 105 S.Ct. at 1947. As applied to

Minnesota, *Wilson* established a two-year limitations period for section 1983 claims. *Cook v. City of Minneapolis,* 617 F.Supp. 461 (D.Minn.1985).[3] If *Wilson* is applied retroactively, plaintiff's claim is barred as untimely. The retroactive effect of *Wilson* was not discussed in the Court's opinion and circuits have split on the issue.

■ In determining whether to give prospective-only application to a judicial decision, the court looks to the three-factor test set out in *Chevron Oil Co. v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971).[4]

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and

son to impose Minnesota's two-year statute of limitations on section 1983 actions and, after a review of the *Chevron* factors, applies *Wilson* prospectively.

September 25, 1985 Eighth Circuit, after considering the *Chevron* factors, applies *Wilson* retroactively, affirming district court's dismissal of a plaintiff's section 1983 claim. *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985).

**2.** Although *Garmon* did not deal with the Minnesota statutes of limitations, this was, at the time, the reasonable conclusion to be drawn from *Garmon* in light of the court's rejection of *Savage v. United States,* 450 F.2d 449 (8th Cir. 1971), and the court's express desire to not "unduly cramp[ ] the significance of section 1983 as a broad, statutory remedy." *Garmon,* 668 F.2d at 406. *See also Occhino v. United States,* 686 F.2d 1302 (8th Cir.1982). Although decided after Craemer-Herbst's two-year limitation period had run, the *Occhino* court referred to Minnesota's six-year limitation statute as the "obvious" post-*Garmon* choice, *Occhino,* 686 F.2d at 1308, and applied *Garmon* retroactively, *id.* at 1308-10.

**3.** *Wilson* created confusion in jurisdictions, such as Minnesota, with more than one limitations period for personal injury claims. *See* Minn. Stat. §§ 541.05, subd. 1(5), 541.07(1) (1984).

This issue was resolved in favor of the shorter, two-year limitation, in *Cook v. City of Minneapolis,* 617 F.Supp. 461, 465 (D.Minn.1985).

**4.** Eighth Circuit decisions since *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985), have caused some question over whether the *Chevron* factors are to be applied in determining whether to apply *Wilson* nonretroactively. *See Farmer v. Cook,* 782 F.2d 780 (8th Cir.1986) (per curiam); *Bolton v. Foremam,* 782 F.2d 1047 (8th Cir.1985) (per curiam). These cases, however, rely expressly on *Wycoff,* which applied the *Chevron* factors. *Bolton* was remanded to the United States District Court for the Southern District of Iowa for further proceedings consistent with *Wycoff. Bolton,* at 1049. The court in *Farmer* stated that the "*Wycoff* opinion fully analyzes the *factors* relevant to the question of retroactivity." *Farmer,* 782 F.2d at 781 (emphasis added). Although not referring to *Chevron* specifically, the conclusion is inescapable that this reference is to the *Chevron* factors. In discussing which of these factors is "[t]he most important," *id.,* the *Farmer* court appears to refer to the first *Chevron* factor, the plaintiff's reliance interest. Accordingly, the court feels that application of the *Chevron* factors to the issue *sub judice* is appropriate. *Contra Jane Does 1–100 v. Omodt,* No. Civ. 3–83–468, slip. op. at 4 (D.Minn. Jan. 30, 1986).

whether retrospective operation will further or retard its operation." ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity."

*Id.* at 106–07, 92 S.Ct. at 355.

In *Wycoff v. Menke,* 773 F.2d 983 (8th Cir.1985) the court relied on the *Chevron* factors in applying *Wilson* retroactively, barring a plaintiff's section 1983 claim. The plaintiff in *Wycoff* commenced his action on December 3, 1981, about a month before *Garmon* was decided. Before *Garmon* the statute of limitations law in this area was admittedly unsettled. "When Wycoff filed this action, the issue of the applicable statute of limitations had led to confusing and inconsistent results both nationally and within this circuit." *Wycoff,* 773 F.2d at 986 (citations omitted).

Further, the plaintiff in *Wycoff* should have been on notice that he was probably subject to Iowa's shorter, two-year statute of limitations.

Additionally, not only had no definitive standard been adopted by this court at the time Wycoff filed his complaint, but several cases involving the Southern District of Iowa specifically applied a two-year statute of limitations to section 1983 claims. These cases placed Wycoff on notice that a two-year limitations period might be applicable to his claim.

*Id.* Accordingly, the court had no difficulty in finding that the first *Chevron* factor had not been satisfied and concluded that, in light of the need for uniformity and certainty, Wycoff's claim should be barred by a retroactive application of *Wilson. Accord Arvidson v. City of Mankato,* 635 F.Supp. 112 (D.Minn.1986) (*Wilson* applied retroactively where "plaintiffs have not shown any greater reliance interest than that in *Wycoff v. Menke."); Jane Does 1–100 v. Omodt,* No. Civ. 3–83–468 (D.Minn. Jan. 30, 1986) (*Wilson* applied retroactively where plaintiffs' claim arose in 1978, more than two years before *Garmon,* so no "clear ... precedent on which [plaintiffs] may have relied."). *But see Cook v. City of Minneapolis,* 617 F.Supp. at 641 (pre-*Wycoff* decision applying *Wilson* prospectively).

Applying the *Chevron* factors to the case *sub judice,* the court finds that *Wilson* should be applied nonretroactively and defendants' motion to dismiss denied.

The court has no trouble concluding that the first and "most important" *Chevron* factor, *Farmer v. Cook,* 782 F.2d 780, 781 (8th Cir.1986), has been satisfied. Unlike the plaintiffs in *Wycoff* and *Arvidson,* Mr. Craemer-Herbst may have relied on *Garmon* in not bringing his case before the two-year limitation ran. *Garmon* was, at the time, "clear past precedent on which [Craemer-Herbst] may have relied," though later overruled by *Wilson. Accord Cook v. City of Minneapolis,* 617 F.Supp. at 466.

The second factor is whether the policies underlying the rule in question will be advanced or retarded by its retroactive application. *Chevron,* 404 U.S. at 107. Two of the "federal interests" which the *Wilson* Court expressly sought to advance by its decision were "uniformity" and "certainty." *Wilson,* 105 S.Ct. at 1947. At the time Craemer-Herbst brought his lawsuit, it was timely. Allowing him to now proceed under the law which, at that time, was uniformly and certainly applied in this circuit—although it now runs contrary to *Wilson*—surely cannot retard and in fact probably advances these federal interests. Further, the court is convinced that allowing Craemer-Herbst to proceed under these circumstances better serves the underlying policies and purposes of the Civil Rights Act of 1871.

The third and final factor to consider is whether the retroactive application of a decision will be "harsh, injust, or inequitable." *Wycoff,* 773 F.2d at 987. The court has little trouble in finding that this factor too has been satisfied. "Where a plaintiff could have reasonably waited to file suit under the established prior rule, it

would be inequitable to say he had slept on his rights because of a later and unforeseeable Supreme Court decision." *Id.* (citing *Smith v. City of Pittsburgh,* 764 F.2d 188, 196 (3d Cir.1985)). At the time plaintiff brought this lawsuit, it was timely. The applicable law in this circuit was settled at a six-year limitation. It would be harsh, injust and inequitable to now impose on plaintiff the responsibility to have foreseen the reversal of that law three years later.

Based on a review of the *Chevron* factors, the court concludes that *Wilson* should, in this case, be applied prospectively and that defendants' motion to dismiss denied.

## II

■ Plaintiffs' counsel petition for an award of interim costs and attorneys fees (totalling $28,951.90, plus a fee multiplier of two) pursuant to the Civil Rights Attorneys Fee Awards Act of 1976, 42 U.S.C. § 1988. Plaintiffs' counsel contend that in light of their victory on the constitutional question they are clearly the "prevailing parties" since it was an important victory and the only unresolved issue is damages.

In light of the number of similar cases plaintiffs' counsel are handling, the court feels it is premature to grant counsel's petition.[5] The court wishes to avoid multiple fee awards for what is possibly repeated work. Accordingly, plaintiffs' counsel's petition for attorneys' fees is denied for the nonce, but may be renewed when it can be shown in which cases counsel will be seeking an award of fees, and the amount sought in each.

IT IS ORDERED:

1. Defendants' motion to dismiss plaintiffs' complaint is DENIED.

2. Plaintiffs' counsel's petition for an award of interim costs and fees is DENIED for the nonce.

5. The court notes that counsel were awarded $35,576.07 in interim fees and costs in *Does v.*

*Dakota County,* No. Civ. 4–84–378 (D.Minn. Jan. 8, 1986).