RICHARD H., Plaintiff,

v.

CLAY COUNTY,
MINNESOTA, Defendant.

Civ. No. 4–86–20.

United States District Court,
D. Minnesota,
Fourth Division.

July 2, 1986.

Barry Reed, Zimmerman, Caplan and Reed, Minneapolis, Minn., for plaintiff.

Sally A. Johnson, Faegre & Benson and Michael C. Lindberg, Lindberg & Johnson, Minneapolis, Minn., for defendant.

DIANA E. MURPHY, District Judge.

Plaintiff Richard H. brought this action against Clay County, Minnesota, under 42 U.S.C. § 1983, alleging that defendant violated his rights under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the Constitution by subjecting him to a strip search. He seeks injunctive relief, damages, attorney's fees, and costs. Jurisdiction is alleged under 28 U.S.C. §§ 1331 and 1343. The matter is now before the court upon defendant's motion for summary judgment.

The issue here is whether plaintiff's cause of action is barred by the statute of limitations. Under *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254

(1985), the Minnesota limitations period for personal injury actions is to be applied in a § 1983 case. The two-year limitations period of *Minn.Stat.* § 541.07(1) [1] has been recognized in this forum as the relevant period. *Cook v. City of Minneapolis*, 617 F.Supp. 461 (D.Minn.1985). Plaintiff's cause of action arose on January 12, 1980 when he was arrested, charged with criminal damage to property, and strip searched. He did not file this action until January 7, 1986. The parties agree that the outcome depends entirely on whether *Wilson* is applied retroactively to bar this action.

The Eighth Circuit has considered the retroactivity issue in three cases to date. In the first case decided, *Wycoff v. Menke*, 773 F.2d 983 (8th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986), the court looked to the three part test set out in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971),[2] to find that *Wilson* should be applied retroactively to bar plaintiff's § 1983 claim. Wycoff's claims arose in 1977; he filed suit on December 3, 1981. At the time Wycoff filed his suit, the issue of the applicable statute of limitations "had led to confusing and inconsistent results both nationally, and within this circuit." *Wycoff v. Menke*, 773 F.2d 983, 986 (8th Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 1230, 89 L.Ed.2d 339 (1986) (citations omitted). He could show no reliance interest because *Wilson* overruled "no 'clear past precedent on which litigants [such as Wycoff] may have relied.' " *Id.* Several cases in his district had applied a two-year statute, giving him notice that such limitations period might apply to his claim. *Id.* The court concluded that it would therefore not be unjust to apply *Wilson* retroactively; such application would help achieve uniformity and certainty. The next case, *Bolton v. Foreman*, 782 F.2d 1047 (8th Cir.1985) (per curiam), was decided without published opinion and remanded for further proceedings consistent, with *Wycoff*. In the third case, *Farmer v. Cook*, 782 F.2d 780 (8th Cir.1986) (per curiam), the court examined the reliance interest asserted by the defendants. Finding it to be weaker than the plaintiff's in *Wycoff*, the court concluded *Wilson* should be applied retroactively.

Defendant asserts that these three cases conclusively established that *Wilson* should be applied retroactively in all § 1983 cases without consideration of the *Chevron* factors. In particular, defendant stresses the three-paragraph per curiam opinion in *Bolton* which states categorically, "*Wycoff* ... holds that *Wilson* is retroactive." *Bolton v. Foreman*, 782 F.2d 1047 (8th Cir. 1985). *Bolton* is an unpublished opinion, however, and therefore has no precedential value. *See* 8th Cir.R. 8(i); Plan for Publication of Opinions, §§ 1, 3. Moreover, the language of the subsequently-decided *Farmer* case indicates that the court did not regard *Wycoff* as establishing a blanket rule of retroactivity. The court applied the "most important" *Chevron* factor, plaintiff's reliance interest, to the facts before finding that *Wilson* should apply retroactively. *Farmer v. Cook*, 782 F.2d 780, 781 (8th Cir.1986). Further, *Wycoff* contains language limiting the result to the

---

1. *Minn.Stat.* § 541.07(1) provides in pertinent part that actions for "libel, slander, assault, battery, false imprisonment, or other tort, resulting in personal injury" shall be commenced within two years.

2. The standard to determine whether a judicial decision should be applied prospectively only is as follows:

    First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed....

Second, it has been stressed that 'we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation.' ... Finally, we have weighed the inequity imposed by retroactive application, for '[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the "injustice or hardship" by a holding of nonretroactivity.'

*Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355, 30 L.Ed.2d 296 (1971).

particular factual circumstances before the court. For example, the final paragraph of the opinion states, "We believe *Wilson* should be applied retroactively *to Wycoff's claim.*" 773 F.2d at 987 (emphasis added). For these reasons, the court concludes that these cases do not establish a general rule of retroactivity in this circuit.[3] *See, e.g., Chris N. v. Burnsville,* 634 F.Supp. 1402, 1405–1410 (D.Minn.1986) (MacLaughlin, J.); *John Does 1–100 v. Ninneman,* 634 F.Supp. 341 (D.Minn.1986) (Devitt, J.). The court must therefore apply the *Chevron* factors to the case before it.[4]

Defendant claims that plaintiff cannot demonstrate that *Wilson* overruled clear past precedent on which he relied, the first and most important *Chevron* factor. Plaintiff argues, however, that unlike the plaintiff in *Wycoff,* he was entitled to rely on a six-year period of limitations because one week before the shorter two-year period had run in his case, the Eighth Circuit decided *Garmon v. Foust,* 668 F.2d 400 (8th Cir.1982) (en banc), *cert. denied,* 456 U.S. 998, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982). In *Garmon,* the court ruled that state limitations periods for tort actions did not apply to § 1983 claims. The state's period for actions based on statutory violations or the state's "catch-all" limitations period should apply instead. *Id.* at 406. *Garmon* was therefore "clear past precedent on which [Richard H.] may have relied ..." prior to the Supreme Court's decision in *Wilson.*[5] *See Chris N. v. Burnsville* and *John Does 1–100 v. Ninneman.*

In analyzing plaintiff's reliance, however, the court should consider not only the date that his case accrued, but also the date upon which he filed his suit. A plaintiff may not simply disregard the overruling of *Garmon* by *Wilson* and come into court just before the six-year period expires "in reliance" upon an overturned case. Neither the considerations underlying *Wilson* nor the equities are well served by allowing a plaintiff to ignore an authoritative decision changing the law. Rather, plaintiffs who may have relied upon *Garmon* should be permitted a reasonable period of time following *Wilson* in which to file suit.[6] *See, e.g., Wegrzyn v. Illinois Department of Children & Family Services,* 627 F.Supp. 636 (C.D.Ill.1986) (four month de-

**3.** This conclusion is further bolstered by the fact-intensive nature of the first and third factors of the *Chevron* test and by decisions of the Ninth Circuit. The first *Chevron* factor requires examination of the justifiable reliance of each litigant, while the third factor looks to whether retroactivity will produce "'substantial inequitable results' in individual cases." *Wycoff,* 773 F.2d at 986 (citation omitted). Such an analysis does not lend itself to a broad rule for all § 1983 cases as is demonstrated in several Ninth Circuit cases—*Gibson v. United States,* 781 F.2d 1334 (9th Cir.1986), and *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985). The *Gibson* court held that an independent retroactivity analysis of the facts must be undertaken even after a retroactive application of *Wilson* in *Rivera.* After analyzing the circumstances, the *Gibson* court held that *Wilson* was to be applied prospectively.

**4.** See footnote 2 for the three *Chevron* factors.

**5.** Defendant referred to this court's decision in *Arvidson v. City of Mankato,* 635 F.Supp. 112 (D.Minn.1986) to support its contention that plaintiff could show no reliance. The *Arvidson* case is distinguishable, however. In *Arvidson,* the plaintiffs recognized *Wycoff* as controlling law, but argued that it had been wrongly decided. The Arvidsons did not mention *Garmon;* rather they contended that they relied upon *Occhino v. United States,* 686 F.2d 1302 (8th Cir.1982). If that case were taken as the point at which the law in Minnesota was clarified, the Arvidsons' action would be nonetheless barred by the two-year statute of limitations. (The action arose at the latest in March, 1980. *Occhino* was decided on August 25, 1982.)

**6.** It may be argued that a Minnesota plaintiff should be given a reasonable period of time after August 16, 1985 when Chief Judge Donald Alsop decided that the state two-year statute of limitations for personal injury action applies to § 1983 cases (rather than the six-year period applicable to actions grounded on negligence). *Cook v. City of Minneapolis,* 617 F.Supp. 461 (D.Minn.1985). It is more reasonable to use the date when *Wilson* was decided, however. After *Wilson* was decided on April 17, 1985, a plaintiff in Minnesota knew that *Garmon* no longer controlled and that the two-year statute might well apply to § 1983 actions. The situation is analogous to the confused period which existed prior to *Garmon.* In such circumstances, a prudent plaintiff would have filed as soon as possible after *Wilson.*

lay following *Wilson* was not unreasonable); *Shorters v. City of Chicago*, 617 F.Supp. 661 (N.D.Ill.1985) (plaintiff who began case 75 days after *Wilson* filed within a reasonable period of time).

In the instant case, plaintiff did not file until January 7, 1986, almost nine months following *Wilson* and almost five months after *Cook*. Such a delay is unreasonable and negates any reliance plaintiff may have originally placed on *Garmon*.

The second *Chevron* factor requires the court to determine whether the policies underlying *Wilson* will be advanced or retarded by its retroactive application. Because a uniform approach to § 1983 cases existed in this district prior to *Wilson*, retroactive application of the decision would neither further nor retard its purposes. *See Chris N. v. Burnsville*, 634 F.Supp. 1402, 1411 (D.Minn.1986). The second *Chevron* factor is therefore inconclusive.

The third and final *Chevron* factor is whether retroactive application of a decision will be "harsh, unjust, or inequitable." *Wycoff*, 773 F.2d at 987. As noted in *Chevron:*

> It would ... produce the most 'substantial inequitable results' ... to hold that the respondent 'slept on his rights' at a time when he could not have known the time limitation that the law imposed upon him.

404 U.S. at 108, 92 S.Ct. at 356 (citation omitted).

In the case at bar, although the cause of action had completely accrued in January 12, 1980 and *Wilson* had changed the law in April of 1985, plaintiff delayed filing suit until January 7, 1986. By waiting so long after *Wilson* to file, plaintiff was "sleeping on his rights" at a time when he should have known that a two-year limitations period might apply. Because plaintiff did not file within a reasonable period after *Wilson*, the court finds that it is not harsh or unjust to apply the two-year statute retroactively.

Applying the *Chevron* factors to the circumstances at hand, the court concludes that *Wilson* should be applied retroactively.

## ORDER

Accordingly, based upon the above and all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that defendant's motion for summary judgment is granted, and the complaint is dismissed.

LET JUDGMENT BE ENTERED ACCORDINGLY.