**Makram KOZAM, Plaintiff,**

v.

**EMERSON ELECTRIC COMPANY d/b/a Day–Brite Lighting, Defendant.**

Civ. A. No. EC 87–313–D–D.

United States District Court, N.D. Mississippi, E.D.

March 30, 1989.

Jim Waide, Tupelo, Miss., for plaintiff.

Bruce H. Henderson, David P. Jaqua, Memphis, Tenn., for defendant.

### MEMORANDUM OPINION

DAVIDSON, District Judge.

This action, filed on October 9, 1987, arises out of the defendant's allegedly discriminatory discharge of plaintiff, Makram Kozam, on October 2, 1986. This court, in an order dated May 31, 1988, dismissed plaintiff's pendent state law claims as barred by Mississippi's one year statute of

limitations for enumerated intentional torts, Miss.Code Ann. § 15–1–35; the court also dismissed plaintiff's claim under 42 U.S.C. § 1981 on the same grounds.[1] The court's order left only plaintiff's claims of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Thereafter, on August 1, 1988, the court struck plaintiff's demand for a jury. The cause was set for trial without a jury on February 1, 1989; on January 31, 1989, plaintiff filed a motion, based upon the Supreme Court's decision in *Owens v. Okure,* —— U.S. ——, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) which had been decided on January 10, 1989, to reinstate plaintiff's jury demand and claim under Section 1981. The court heard argument on this question on the day scheduled for trial, and determined to continue the action to allow both parties additional time in which to prepare briefs on the issue. The court drew the attention of the parties to two narrow issues: the applicability of the *Okure* decision to plaintiff's claim under Section 1981, and the propriety of retroactive application of that decision. The court, with the briefs of both parties before it, now holds that the *Okure* decision shall apply retroactively to claims under 42 U.S.C. § 1981, and that Miss.Code Ann. § 15–1–49, the state's residual statute of limitations which provides a six year limitation period, shall be the statute of limitations applicable to such claims. The court is of the opinion that plaintiff's motion is well taken and should be granted.

### Statute of Limitations Applicable to Section 1981 Claims

■ Since the Fifth Circuit's decision in *Gates v. Spinks,* 771 F.2d 916 (5th Cir. 1985), *cert denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), the courts of this Circuit have applied Mississippi's intentional torts statute of limitations, Miss. Code Ann. § 15–1–35, to actions arising under 42 U.S.C. § 1983, based upon the Circuit Court's construction of *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). *Wilson v. Garcia* represented an attempt by the Supreme Court to settle the conflict among the Circuits over which statute of limitations was to be applied to civil rights actions. Prior cases had spoken in general terms of "the most appropriate", *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), or "the most analogous", *Board of Regents v. Tomanio,* 446 U.S. 478, 100 S.Ct. 1790, 64 L.Ed.2d 440 (1980), state statute of limitations. *Wilson v. Garcia* held that a state's limitations period applicable to personal injury actions was "the most appropriate" statute to apply. *Wilson v. Garcia,* 471 U.S. at 276, 105 S.Ct. at 1947, 85 L.Ed.2d at 266.

Like Section 1983, there is no federal statute of limitations for actions under Section 1981. This circuit had held, after the Supreme Court's decision in *Wilson v. Garcia,* that suits under Section 1981, were to be governed by the one year statute of limitations applicable to unwritten contracts of employment, Miss.Code Ann. § 15–1–29. *See White v. United Parcel Service,* 692 F.2d 1 (5th Cir.1982); *Jordan v. Lewis Grocer Co.,* 467 F.Supp. 113 (N.D. Miss.1979). In June of 1987, the Supreme Court decided the case of *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed.2d 572 (1987); the Court held that all three holdings it had made regarding Section 1983 claims in *Wilson v. Garcia* applied as well to claims under Section 1981.[2] The Court determined that Section

---

1. This court, in the May 31, 1988 opinion, applied the one year statute of limitations applicable to unwritten contracts of employment as set forth in Miss.Code Ann. § 15–1–29. As this court has previously ruled, in *Byrd v. Travenol Laboratories, Inc.,* 675 F.Supp. 342 (N.D.Miss. 1987), the Mississippi statute of limitations applicable to Section 1981 actions after the Supreme Court's decision in *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 107 S.Ct. 2617, 96 L.Ed. 2d 572 (1987), was that applied at that time in this circuit to actions under Section 1983, Mis-

sissippi's one year statute of limitations applicable to enumerated intentional torts, Miss.Code Ann. § 15–1–35. The misdesignation of the applicable one year statute of limitations in this court's order of May 31, 1988, had no practical effect on the instant case.

2. "For the purpose of characterizing a claim asserted under § 1983, federal law, rather than state law, is controlling; a single state statute of limitations should be selected to govern all § 1983 suits; and because claims under § 1983

1981 encompassed a class of claims broader than merely contractual rights and economic losses, including in its ambit personal rights and personal injuries. *Lukens Steel,* at 660–01, 107 S.Ct. at 2620–21, 96 L.Ed.2d at 581–82. "Wilson [v. Garcia]'s characterization of § 1983 claims is thus equally appropriate here, particularly since § 1983 would reach state action that encroaches on the rights protected by § 1981." *Id.* The Supreme Court held a single limitations period applicable to all Section 1981 actions, that for personal injury actions as applied to Section 1983.

*Wilson v. Garcia,* however, did not entirely alleviate the confusion.

In States where one statute of limitations applies to all personal injury claims, *Wilson* supplies a clear answer. Courts considering § 1983 claims in States with multiple statutes of limitations for personal injury actions, however, have differed over how to determine which statute applies. Several courts of appeal have held that the appropriate period is that which the State assigns to certain enumerated intentional torts. These courts have reasoned that intentional torts are most closely analogous to the claims Congress envisioned being brought under the Civil Rights Act, and to the paradigmatic claims brought today under § 1983. Other courts of appeal, by contrast, have endorsed the use of the state residuary statute of limitations for § 1983 actions. These courts have observed that § 1983 embraces a broad array of actions for injury to personal rights, and that the intentional tort is therefore too narrow in analogy to a § 1983 claim.

*Owens v. Okure,* at ——, 109 S.Ct. at 577. The problem addressed in *Okure* was not one specific to Section 1983 claims, nor was the solution. Justice Marshall's opinion for a unanimous court speaks to the scope of civil rights based actions, and holds inapplicable more narrow or more specific statutes of limitations. *Okure* further discusses the need for uniformity and certainty in the limitation of federal civil rights claims. *Okure* at —— – ——, 109 S.Ct. at 574–76. These general principles are fully applicable outside Section 1983 claims. In *Reed v. United Transportation Union,* —— U.S. ——, 109 S.Ct. 621, 102 L.Ed.2d 665 (1989), the Supreme Court applied its holding in *Okure* to a suit against a labor union and several of its officers for violation of § 101(a)(2) of Title I of the Labor–Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 411(a)(2). Like Sections 1981 and 1983, the L.M.R.D.A. has no limitations period of its own; further, it is based upon the guarantees of the Bill of Rights, reading those provisions into the union/member relationship. Section 101(a)(2) incorporated the first amendment's guarantee of free speech.

The Court found that:

We have previously considered possible analogies between federal civil rights actions under 42 U.S.C. § 1983 (which lacks an express statute of limitations) and various state-law claims and have held that § 1983 actions are governed by State general or residual personal injury statutes of limitations. *Owens v. Okure,* —— U.S. ——[, 109 S.Ct. 573, 102 L.Ed.2d 594] (1989); *Wilson v. Garcia, supra. See also Goodman v. Lukens Steel Company,* 482 U.S. 656[, 107 S.Ct. 2617, 96 L.Ed.2d 572] (1987) (applying state personal injury statute to federal civil rights action against a private party brought under 42 U.S.C. § 1981). Since § 101(a)(2) has evident similarities to § 1983, which prohibits the infringement of First Amendment rights by persons acting under color of state laws, it is apparent that § 101(a)(2) actions are also analogous to state personal injury claims, and under our usual borrowing rule [see, e.g., *Agency Holding Corp. v. Malley-Duff & Associates, Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) ] would take their statute of limitations.

are in essence claims for personal injury, the state statute applicable to such claims should be borrowed." *Lukens Steel,* at 660–01, 107 S.Ct. at 2620–21, 96 L.Ed.2d at 581–82. (citing *Wilson v. Garcia, supra* )

*Reed, supra,* at ———————, 109 S.Ct. at 626–27.

The same analysis compels the application of Mississippi's residual statute of limitations governing all actions not elsewhere covered, including most personal injury causes of action, to claims under 42 U.S.C. § 1981. The comparability of Sections 1981 and 1983 is more clear than was the case in *Reed. See Lukens Steel, supra.* Further, "no practicalities of litigation compel us to search beyond state law for a more analogous statute of limitations." *Reed,* at ———, 109 S.Ct. at 627. Nor is there any reason to believe that the application of Mississippi's residual statute of limitations will "frustrate or significantly interfere with federal policies." *Id.* at ———, 109 S.Ct. at 627. The court therefore holds that Mississippi's six-year residual statute of limitations [3], Miss.Code Ann. § 15–1–49, applies to claims brought under 42 U.S.C. § 1981.[4]

### Retroactivity of *Okure*

■ "The usual rule is that federal cases should be decided in accordance with the law existing at the time of decision.[5] But *Chevron Oil Company v. Huson,* 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), advises that nonretroactivity is appropriate in certain defined circumstances." (citations omitted) *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 662–64, 107 S.Ct. 2617, 2621–22, 96 L.Ed.2d 572, 583 (1987). Defendant has failed to establish any of the three *Chevron* factors: Whether *Okure*

overruled clear Circuit precedent on which the defendant was entitled to rely; whether the new limitations period was occasioned by a change in the substantive law, the purpose of which would not be served by retroactivity; and whether retroactive application would be inequitable. *St. Francis College v. Al–Khazraji,* 481 U.S. 604, 608–09, 107 S.Ct. 2022, 2025–26, 95 L.Ed.2d 582, 589 (1987). Consideration of the first *Chevron* factor presents a difficult question: Can a defendant claim a reasonable reliance interest in a shorter limitations period? In *Hanner v. State of Miss.,* 833 F.2d 55, 58, n. 7 (5th Cir.1987), the Fifth Circuit noticed a similar question, but had no opportunity to address its solution. This court's research has located the cases from other circuits which have ruled on the retroactivity of decisions which have had the effect of lengthening statutes of limitations. *Farmer v. Cook,* 782 F.2d 780 (8th Cir.1986); *Rivera v. Green,* 775 F.2d 1381 (9th Cir.1985); *Glover v. United Grocers, Inc.,* 746 F.2d 1380 (9th Cir.1984). In each of these cases, the court had applied the *Chevron* factors, acknowledging the defendant's reliance interest where the effect of the change would be "to revive an action that the defendants once reasonably believed was barred." *Farmer,* at 781. Nonetheless, in each case the court found the defendant's interest outweighed by the other *Chevron* factors.[6] This court makes no blanket statements therefore concerning the applicability of *Chevron* analysis to

---

3. The Governor has approved House Bill No. 1171 (1989), which provides, in part, for the change of the limitations period under § 15–1–49 from six to three years.

4. The defendants also argue that, as the Supreme Court has granted *certiorari* in *Patterson v. McLean Credit Union,* — U.S. —, 108 S.Ct. 1419, 99 L.Ed.2d 879 and is therein reconsidering the extension of § 1981 to private employment, this court should not rule on the statute of limitations question. There is no merit in this contention. This issue arises now because this court granted defendant's motion to dismiss on the basis of the statute of limitations. To hold off our reconsideration of that ruling on the theory that *Patterson might,* at some unspecified later date, give rise to separate grounds on which to dismiss the instant case, would be absurd. Defendant may argue from any hold-

ing in *Patterson* if and when an opinion in their favor should issue.

5. Prejudgment decisions of trial courts "are interlocutory in character and until entry of judgment, they remain subject to change at any time." 1B *Moore's Federal Practice,* ¶ 0.404[4.–1] and [1]. "At the time of decision" does not therefore, limit review by this court of its own interlocutory orders.

6. In *Farmer* and *Rivera,* the cause of action sued upon arose out of Section 1983 and the decision considered was the Supreme Court's decision in *Wilson v. Garcia, supra;* in *Glover,* the cause of action was Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a), and the decision was *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

decisions lengthening statutes of limitations, but finds that, in this case, analysis of the *Chevron* factors does not caution against retroactivity.

In the instant case, it does not appear that *Okure* overruled clear circuit precedent which was in place either at the time the suit was filed or at the time the one-year statute of limitations that defendant advances would arguably have run.[7] Prior to 1985 and the Supreme Court's decision in *Wilson v. Garcia, supra,* courts in the Fifth Circuit had applied Mississippi's six-year residual statute of limitations, Miss. Code Ann. § 15–1–49, two actions under Section 1981 for discriminatory hiring practices, *Payne v. Travenol Laboratories, Inc.,* 673 F.2d 798 (5th Cir.), *cert. denied,* 459 U.S. 1038, 103 S.Ct. 452, 74 L.Ed.2d 605 (1982); *Truvillion v. King's Daughters Hospital,* 614 F.2d 520 (5th Cir.1980), and Mississippi's one-year statute of limitations to Section 1981 discriminatory termination actions. *White v. United Parcel Service,* 692 F.2d 1 (5th Cir.1982). *Wilson v. Garcia* required federal courts to select a single statute of limitations, that for personal injury actions, to apply to Section 1983 claims. In *Gates v. Spinks,* 771 F.2d 916 (5th Cir.1985), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1378, 89 L.Ed.2d 603 (1986), the Fifth Circuit held that Miss.Code Ann. § 15–1–35, governing enumerated intentional torts, was to be applicable to Section 1983 claims under *Wilson.* Before a definitive decision on the statute of limitations which was to be applied to Section 1981 claims in light of *Wilson v. Garcia* had issued from the Fifth Circuit, or from any of its district courts, the Supreme Court decided the case of *Goodman v. Lukens Steel Co., supra,* on June 19, 1987. That case specifically rejected an argument that a state's contractual relations limitations

period should apply to Section 1981 claims. *Lukens Steel* applied *Wilson v. Garcia* to Section 1981, and held that Section 1981 claims should be governed by the state's personal injury limitations period.

Under the Fifth Circuit's retroactivity analysis in *Hanner v. State of Mississippi,* 833 F.2d at 58–59, it is clear that *Goodman* should have been notice to litigants, if *Wilson v. Garcia* itself had not, that the law in this circuit was about to change. There was no clearly established rule at that time. *Byrd v. Travenol Laboratories, Inc.,* 675 F.Supp. 342, 353 (N.D.Miss.1987). Not until December 2, 1987, almost two months after plaintiff filed his action, did the Fifth Circuit determine in *Hanner v. Miss., supra,* to apply Mississippi's one-year statute of limitations for intentional torts, Miss. Code Ann. § 15–1–35, to actions arising under Section 1983. On December 15, 1987, this court, on reconsideration of a prior ruling, held in *Byrd v. Travenol Laboratories, supra,* that the same statute of limitations was to apply to Section 1981 claims. At the time plaintiff Kozam filed his complaint, and a week earlier when the one-year statute of limitations would arguably have run, the law in this circuit on Section 1981 limitations periods was in a state of flux. There is in this case no question of detriment arising out of the purported reliance of defendant on the shorter statute of limitations, especially in light of the fact that plaintiff's action was filed one week after defendant claims it should have been.

As to the second and third *Chevron* factors, neither supports defendant's position. The second factor concerns whether the purposes underlying *Okure* will be furthered or retarded by retroactive application of the new rule. As Circuit Judge Reavley said of *Wilson v. Garcia* in his

---

**7.** It is not clear which time period is controlling in a case where the statute of limitations was lengthened. It is conceivable that a defendant might reasonably change its position—for example by purging files or by losing contact with witnesses—upon passage of a clearly established limitations period. The defendant, however, has failed to prove or allege any specific harm due to its purported reliance on the one-year statute of limitations. The interest identified in

*Farmer, supra,* argues that the determination should be made at this point. On the other hand, traditional analysis considers the time of filing of the action. *See, e.g., Lukens Steel,* at 662–64, 107 S.Ct. at 2621–22, 96 L.Ed.2d at 583 (distinguishing *Al–Khazraji v. St. Francis College,* 784 F.2d 505, 512–14 (3rd Cir.1986)). As these two times are but a week apart in the instant case, this court does not here make much of the distinction.

concurrence to *Young v. Biggers*, 816 F.2d 216, 219 (5th Cir.1987), the policy stated by the Supreme Court in *Okure* did not militate clearly either in favor or against retroactive application of the decision. As stated before, defendant has failed to allege or prove any detriment through his reliance on the shorter statute of limitations period. Nor has defendant made any allegations of specific prejudice, in support of the third *Chevron* factor.

Defendant has failed to show any reason to this court why the Supreme Court's decision in *Okure*, settling the question of the applicable statute of limitations for civil rights actions, should not be applied retroactively to this case.

### Conclusion

The comparability of actions under Sections 1981 and 1983 is clear. *Goodman v. Lukens Steel, supra*. Each is to be governed by the state statute of limitations for actions on personal injuries. *Wilson v. Garcia, supra; Goodman v. Lukens Steel, supra*. For federal civil rights actions, especially Section 1983 actions, in states with more than one limitations period governing personal injury actions, the applicable personal injury statute is the state general or residual statute of limitations applicable to personal injury actions. *Okure, supra*. That holding applies beyond claims filed under Section 1983. *Reed, supra*. The policies which support choosing the general or residual statute for Section 1983 actions apply equally to actions under Section 1981. It is inescapable that the same limitations period as applies to Section 1983 claims, Mississippi's six-year residual statute of limitations, Miss.Code Ann. § 15–1–49, should apply to claims under 42 U.S.C. § 1981. Defendant in the instant action has shown no reason why, under the analysis of *Chevron Oil v. Huson*, the decision of the Supreme Court in *Okure* should not be retroactively applied to this case. The court therefore finds plaintiff's motion to reconsider this court's order dismissing plaintiff's Section 1981 claim as barred by the one-year statute of limitations and to reconsider its subsequent order striking plaintiff's demand for a jury, to be well taken.

An order in conformity herewith shall this day be entered.