# United States Court of Appeals
## For the Eighth Circuit

———————————————————

No. 22-3154

———————————————————

Christine Bordeaux

*Plaintiff - Appellant*

v.

Cheryl Bicknase, in her individual capacity; Jeanne Golliday, in her individual capacity; Denise Davidson, in her individual capacity; Steve Hunzeker, in his official and individual capacities; Angela Folts-Oberle, in her individual capacity; Does, 1-9, in their official and individual capacities

*Defendants - Appellees*

————————

Appeal from United States District Court
for the District of Nebraska - Lincoln

————————

Submitted: May 10, 2023
Filed: August 4, 2023

————————

Before SHEPHERD, STRAS, and KOBES, Circuit Judges.

————————

KOBES, Circuit Judge.

Christine Bordeaux sued several prison officials under 42 U.S.C. § 1983 for deliberate indifference after she was assaulted by fellow inmate and co-defendant

Erica Jenkins. She appeals the district court's[1] dismissal of one prison staff member, the grant of summary judgment to other staff members, and the denial of her motion to alter or amend the judgment. We affirm.

I.

Bordeaux and Jenkins were convicted for their involvement in two murders and sent to the Nebraska Correctional Center for Women (NCCW). Before Bordeaux got to NCCW, the prosecutor who tried Jenkins's case explained to NCCW's warden, Denise Davidson, that Bordeaux and Jenkins should be kept apart. Davidson communicated the prosecutor's concern to other staff members, who planned to keep the women separate.

When Bordeaux got to NCCW, she refused protective custody and told Jeanne Golliday, a unit manager, that she didn't have a problem with Jenkins. Weeks later, though, Bordeaux told a prison psychologist that she was concerned about possible retaliation from Jenkins. After further discussion, Davidson ordered prison staff to separate the pair. Davidson also asked Steve Hunzeker, a unit administrator, to complete a Central Monitoring report, which assesses conflict and whether inmates should be kept apart. While Hunzeker says he completed and delivered the report, which recommended separation, Davidson says she never received it. Regardless, Jenkins and Bordeaux were housed separately and rarely interacted for six months.

Jenkins eventually needed to be moved and asked to room with Bordeaux. Cheryl Bicknase, a staff member in charge of room assignments, checked Central Monitoring and, finding nothing problematic, approved the request. Soon after, an inmate approached Angela Folts-Oberle, a unit administrator, and told her that there might be a fight in her cell. Folts-Oberle didn't know the inmate was referring to a potential fight between Jenkins and Bordeaux and, instead, thought the inmate was

---

[1]The Honorable Robert F. Rossiter, Jr., Chief Judge, United States District Court for the District of Nebraska.

concerned about her own safety. Ultimately, Jenkins and another inmate brutally assaulted Bordeaux in her cell.

About two years after the assault, Bordeaux sued Davidson, Golliday, Bicknase, Folts-Oberle, and ten Doe defendants for deliberate indifference, among other things. Over two years later, Bordeaux moved to amend her complaint and identify Hunzeker as a Doe defendant. Hunzeker moved to dismiss on statute of limitations grounds, which was granted. The district court also granted summary judgment to the remaining defendants, reasoning that Bordeaux hadn't shown that any of them were deliberately indifferent. Bordeaux then moved to alter or amend the judgment, which was denied. She appeals.

II.

We first turn to the district court's dismissal of Hunzeker on statute of limitations grounds, which we review *de novo*. *See Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (standard of review for grant of Fed. R. Civ. P. 12(b)(6) motion to dismiss).

Under Nebraska law, Bordeaux had four years to sue after her cause of action accrued. Neb. Rev. Stat. § 25-207; *Montin v. Est. of Johnson*, 636 F.3d 409, 412 (8th Cir. 2011). Bordeaux's § 1983 claims started to accrue when she was assaulted in September 2016, the moment she could "su[e] and obtain relief." *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (citation omitted). When Bordeaux sought to sue Hunzeker in December 2020, more than four years later, her claims were time-barred. We aren't persuaded by Bordeaux's arguments to the contrary, so the district court did not err.[2]

---

[2]The Nebraska Attorney General, who was representing the other prison defendants, said in a court filing that it wouldn't oppose Bordeaux's motion to amend and identify Hunzeker as a Doe defendant. We decline to entertain Bordeaux's argument that this waived the statute of limitations. When Hunzeker was served, he raised the statute of limitations in his motion to dismiss, which

## III.

We turn next to the district court's grant of summary judgment to the other staff members, which we review *de novo*. *Rynders v. Williams*, 650 F.3d 1188, 1194 (8th Cir. 2011). "Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law." *Rau v. Roberts*, 640 F.3d 324, 327 (8th Cir. 2011) (citation omitted).

To establish an Eighth Amendment failure-to-protect claim, Bordeaux must show that the prison officials were deliberately indifferent to a substantial risk of serious harm. *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007). That is, the defendants "actually kn[ew] of the substantial risk [of serious harm] and fail[ed] to respond reasonably to it." *Nelson v. Shuffman*, 603 F.3d 439, 446 (8th Cir. 2010) (citation omitted).

Here, there are no genuine issues of material fact about whether the defendants were deliberately indifferent. It's true that a local prosecutor warned warden Davidson about Jenkins and Bordeaux. But Davidson relayed these concerns to her staff and plans were made to keep the pair separate. Also, on arrival, Golliday questioned Bordeaux, who declined protective custody, said she wasn't concerned about her safety, and disclaimed problems with Jenkins. *Cf. Blades v. Schuetzle*, 302 F.3d 801, 804 (8th Cir. 2002) (explaining that the plaintiff's "statements that [a fellow inmate] posed no risk of harm to him would furnish a bar to his claim even if

---

preserved the defense here. *See Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985). Bordeaux also argues that her claims against Hunzeker relate back to the date she originally filed against the other defendants. For this to happen, she must show that Hunzeker "knew or should have known that the action would have been brought against [him], but for a mistake concerning [his] identity." Fed. R. Civ. P. 15(c)(1)(ii). But she can't, since "naming a John Doe defendant is not a 'mistake.'" *Heglund v. Aitkin Cnty.*, 871 F.3d 572, 579 (8th Cir. 2017).

prison officials had been aware that he would have come in contact with [the fellow inmate] when he returned to the first prison").

Bordeaux later expressed concern about possible retaliation, but Davidson asked for a Central Monitoring report and ordered her staff to separate the women.[3] It's also true that Davidson signed a form marking "no" on a question about whether Central Monitoring was being completed. Still, Davidson thought that the investigation was underway. Regardless, six months went by without Jenkins and Bordeaux having problems, and when it came time to move Jenkins to different housing, Bicknase checked Central Monitoring and found nothing on Jenkins and Bordeaux.[4] While Folts-Oberle was told that there could be a fight in a cell, she did not actually "draw the inference" that there was a substantial risk of serious harm to Bordeaux. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

All things considered, the district court didn't err when it granted summary judgment to Davidson, Golliday, Bicknase, and Folts-Oberle.

IV.

We now turn to the district court's denial of Bordeaux's motion to alter or amend the judgment, which we review for an abuse of discretion. *Bernard v. U.S. Dep't of Interior*, 674 F.3d 904, 908 (8th Cir. 2012).

In opposing summary judgment, Bordeaux twice failed to comply with local rules concerning how to present disputed facts. As a result, the district court deemed the defendants' facts admitted. After summary judgment, Bordeaux moved to alter or amend the judgment, urging the district court to forgive her non-compliance and examine the disputed facts, rather than the admitted ones. The district court did not

---

[3]Golliday's superior, Hunzeker, said he would take care of the Central Monitoring report.

[4]Bordeaux notes that Bicknase supervised Jenkins in restrictive housing and knew about her prior violent behavior. This does not move the needle for Bordeaux.

abuse its discretion when it denied Bordeaux's motion, considering she had notice of what she needed to do to comply with the local rules and neglected to do so.

## V.

We affirm the judgment of the district court.

_____